UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOAQUIM PEDRO DE MORAIS FILHO,

Plaintiff,

-against-

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY (DHS), U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT (ICE), WELLS FARGO &
COMPANY, and JPMORGAN CHASE BANK,
N.A.,

Defendants.

26-CV-2112 (GBD)

ORDER OF DISMISSAL

---

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims of "constructive grand larceny" and unconstitutional seizure. (ECF 1 at 3.) The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff alleges Defendants

participated in a scheme of "unprecedented, systemic, and unconstitutional machinery of wealth

extraction operating in the shadow of federal immigration enforcement." (ECF 1 at 2.) Plaintiff

states that Defendants' policies sought to "deliberately permanently sever deported non-citizens

from their lawfully earned financial assets." (*Id.* at 4.) Plaintiff seeks "an immediate injunction

compelling the [Defendant] banks to freeze and hold in trust the funds of deported individuals to

facilitate their lawful repatriation abroad, and a preliminary injunction suspending imminent

2026 executive mandates that require citizenship verification to maintain or open depository

accounts[.]" (*Id.*)

Plaintiff lives in São Paulo, Brazil and is a Brazilian national. (*Id.* at 6.)  Plaintiff is not a

United States citizen nor is he physically present in the United States. (*Id.*) He claims to have a

valid Social Security number but then lists it as 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. (*Id.*) Plaintiff asserts that he

"maintains a legally protected, vested property interest in depository accounts domiciled within

the United States." (*Id.*)

Plaintiff asks this court to direct Defendants Wells Fargo and JP Morgan to dismantle

their "unconstitutional logistical barriers and establish a secure, accessible, extraterritorial

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

mechanism allowing deported individuals to authenticate their identity and repatriate their funds without the impossible condition of physical U.S. presence[.]" (*Id.* at 13.) Plaintiff also requests an injunction enjoining these Defendants "from transferring, liquidating, or surrendering any dormant funds belonging to deported individuals to state treasuries via statutory escheatment[,]" as well as "a [p]reliminary [i]njunction . . . suspending the implementation and enforcement of any 2026 executive or banking mandate that conditions the opening or maintenance of depository accounts on citizenship verification[.]" (*Id.* at 13–14.) Additionally, Plaintiff seeks a declaratory judgment stating, "that the Realtor's prior administrative omissions, the physical banishment by ICE/DHS, and the algorithmic lockouts enforced by the Respondent banks constitute a joint, systemic violation of the Due Process and Takings Clauses of the Fifth Amendment[,]" and an order directing "immediate and expedited accounting by the Respondent banks[.]" (*Id.* at 14.)

## DISCUSSION

### A.   Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.");

3

*Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that Defendants have constructed a system to deprive deportees of their property. Nonetheless, a "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his proferred government conspiracy. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with a narrative full of details of what he believes—that Defendants have constructed "a Kafkaesque legal trap of the highest order." (ECF 1 at 9.) However, Plaintiff has pleaded no factual predicate in support of his assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion

4

centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

## B.   Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    **APR 1 5 2026**
          New York, New York

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

6